■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD LAING, Appellant.— Appeal by defendant (1) from a judgment of the County Court, Nassau County, rendered January 18, 1972 (under indictment No. 29930/70), convicting him of four counts of criminally selling a dangerous drug in the third degree, upon a jury verdict, and sentencing him on each of the four counts to an indeterminate prison term not to exceed seven years, the sentences to run concurrently, and, (2) as limited by his brief, from a sentence of the same court (under indictment No. 31478/71), rendered the same day, to an indeterminate prison term not to exceed five years, to run concurrently with the sentence imposed under indictment No. 29930/70, upon a conviction of attempted criminally selling a dangerous drug in the third degree, on a guilty plea. Both judgments reversed with respect to the sentences, on the law, and cases remanded to the County Court for resentencing in accordance with the views set forth herein. At the time of sentence the court noted that defendant had been found to be a narcotic addict, following an examination pursuant to section 207 of the Mental Hygiene Law, but that the Narcotic Addiction Control Commission ("NACC") would not accept him. The court then stated: "[C]onsequently, I am limited to a sentence under the Penal Law" and thereafter sentenced him under each of the two indictments to indeterminate concurrent sentences, the longest of which was seven years. The sentences were imposed prior to our determination in *People* v. *Bennet* (39 A D 2d 320, 326), in which we said "when NACC is forced by financial pressures to refrain from carrying out the manifest and salutary intent of the statute, the statute must be construed to authorize the court to apply any of the sentencing options which are appropriate under the circumstances to the convicted addict." In our opinion the language employed by the sentencing court, at bar, was equivocal on the question of its awareness of the options open for the sentence

of a defendant who is a narcotic addict, not receivable by the NACC. In remanding we do not, of course, indicate what sentences should be imposed. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.